UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID P. RASSEL II,

    Plaintiff,

v.

SELF FINANCIAL, INC. and EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendant.
_____/

CASE NO.

JURY TRIAL DEMANDED

# COMPLAINT

NOW comes DAVID P. RASSEL II ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SELF FINANCIAL, INC. ("Self") and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### PARTIES

5. Plaintiff is a natural person over 18 years-of-age residing in Tampa, Florida, which falls within the Middle District of Florida.

6. Self is a provider of various consumer financial products, including credit-builder and other credit related products, and in connection with such business uses the mail, telephone, and credit reporting for the purpose of seeking collection upon debts and credit it issues consumers, including consumers in the state of Florida. Self is a corporation organized under the laws of the state of Delaware with its principal place of business located at 901 E. 6th Street, Suite 400, Austin, Texas 78702.

7. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of California. Experian is a corporation organized under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FACTS SUPPORTING CAUSE OF ACTION

8. In approximately March of 2024, Plaintiff noticed a number of erroneous items and accounts appearing on his Experian credit reports.

9. Such accounts included purported two accounts being reported on Plaintiff's Experian credit reports by Self ("subject accounts").

10. However, the subject accounts were not Plaintiff's and, upon information and belief, were incurred or otherwise authorized by Plaintiff's father, who shares a similar name as Plaintiff.

11. Upon further information and belief, any reasonable procedures designed to promote the accuracy of the information included in Experian's consumer reports

would have led to the discovery that the subject accounts had been erroneously attributed to Plaintiff.

12. As a result of the inaccurate information appearing on Plaintiff's credit reports, Plaintiff initiated written credit disputes with Experian on or about December 4, 2023.

13. Upon information and belief, Self received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Experian. *See* 15 U.S.C. § 1681i(a)(2).

14. Experian failed to engage in a reasonable investigation in connection with Plaintiff's dispute. Despite the erroneous nature of Self's reporting of the subject accounts, clarity with which the reporting was inaccurate, and clarity with which the accounts were being attributed to the incorrect party, Experian responded by confirming the accuracy of the subject accounts.

15. Plaintiff then attempted to dispute directly with Self, only for Self to fail to correct its inaccurate reporting.

16. In the interim, Plaintiff has been denied a number of financing opportunities, as well as various apartment leases, as a result of the erroneous information appearing on his Experian credit report.

17. Plaintiff again submitted a credit dispute to Experian on or about April 9, 2025.

18. Once again, upon information and belief, Self received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Experian. *See* 15 U.S.C. § 1681i(a)(2).

19. Experian failed to engaged in a reasonable investigation in connection with Plaintiff's disputes and similarly failed to respond to Plaintiff's dispute. Instead, Experian left the subject accounts appearing on Plaintiff's credit reports, further failing to indicate the nature of Plaintiff's disputes.

20. Plaintiff again attempted to raise the issue with Self directly who ultimately confirmed that the subject accounts were associated with the address of Plaintiff's father, not Plaintiff, prompting Self to acknowledge that it would investigate and call Plaintiff back.

21. Upon information and belief, despite actual or constructive knowledge that Plaintiff's credit file has been merged with that of another, Experian readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

22. Plaintiff has been subjected to years of hardship stemming from the blatantly erroneous information appearing on Plaintiff's credit file.

23. Defendants negligently and willfully violated the FCRA by allowing inaccurate information to appear on Plaintiff's credit reports when any remotely

reasonable procedures designed to promote accuracy would have otherwise clarified that the subject accounts never should have been attributed to Plaintiff.

24. The reporting of the various trade lines and inquiries was patently inaccurate and materially misleading given the absence of any relationship between Plaintiff and the creditors represented by Defendants.

25. Any reasonable procedures designed to ensure the maximum possible accuracy of the information being reported by Defendants would and should have revealed the inaccuracy of the information Defendants reported and allowed to be reported on Plaintiff's credit reports.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

26. The erroneous reporting of the subject accounts paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it mislead creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

27. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

28. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of credit monitoring to help monitor Defendants' reporting, the loss of credit opportunity, numerous credit denials, being denied desirable housing options, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

29. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies appearing in Defendant's credit files.

<u>**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**</u>
**AGAINST SELF**

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

32. Self is a "person" as defined by 15 U.S.C. §1681a(b).

33. Self is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

34. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

35. Self violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Experian and Plaintiff.

36. Self violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Experian and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

37. Had Self reviewed the information provided by Experian and Plaintiff, it would have corrected the inaccurate designation of the subject account and correctly reported Plaintiff's lack of obligation thereon. Instead, Self wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

38. Self violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Experian.

39. Self violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Experian after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

40. Self violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Experian credit files.

41. Self failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Experian credit files within 30 days of receiving notice of the disputes from Experian under 15 U.S.C. §1681i(a)(1).

42. Despite the blatantly obvious errors in Plaintiff's Experian credit files, and Plaintiff's efforts to correct the errors, Self did not correct the errors or trade line to

report accurately. Instead, Self wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

43. A reasonable investigation by Self would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's Experian credit files.

44. Had Self taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

45. By deviating from the standards established by the debt collection industry and the FCRA, Self acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

WHEREFORE, Plaintiff, DAVID P. RASSEL II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing RRS to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

9

    e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### PLAINTIFF AGAINST EXPERIAN

46. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

47. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

48. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

49. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

50. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

51. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

52. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

53. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

54. Plaintiff provided Experian with all relevant information in his numerous requests for investigation to reflect that the subject debt was being reported inaccurately.

55. Experian failed conduct a reasonable investigation into Plaintiff's disputes. Experian both confirmed the accuracy of the reporting of the subject accounts despite the inaccurate nature of such reporting, and further failed to respond to Plaintiff's dispute or otherwise remove the disputed information.

56. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information

and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

57. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

58. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Self. Upon information and belief, Experian also failed to include all relevant information as part of the notice to Self regarding Plaintiff's disputes that Experian received from Plaintiff.

59. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject accounts.

60. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

61. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Self that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

62. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Self trade line would have a significant adverse

impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

63. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

64. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

65. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

66. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

67. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

68. That Experian failed to correct the reporting despite Plaintiff's multiple disputes further underscores the willful nature of its violations.

69. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

70. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, DAVID P. RASSEL II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 28, 2025					Respectfully submitted,

							/s/ Alexander J. Taylor
							Alexander J. Taylor, Esq.
							Florida Bar. No. 1013947
							*Counsel for Plaintiff*
							Sulaiman Law Group, Ltd
							2500 S Highland Ave, Ste. 200
							Lombard, IL 60148
							Telephone: (630) 575-8181
							ataylor@sulaimanlaw.com